■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL WASHINGTON, Appellant.— Judgment unanimously affirmed. Memorandum: Under section 1943 of the Penal Law the court should have passed upon the constitutional objections raised by the defendant to the alleged predicate conviction prior to his sentence as a second felony offender. However from our review of the points raised by the defendant it would appear that there was no showing of any substantial violation of his rights cognizable by the court. (Appeal from judgment of Erie County Court convicting defendant of robbery, first degree.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ CATHERINE FUMIA, Respondent-Appellant, v. VICTOR FUMIA, Appellant-Respondent.— Order unanimously modified in accordance with the Memorandum herein and as so modified affirmed, with costs to plaintiff. Memorandum: Special Term in a proper exercise of its discretion, having regard to the circumstances of the case and of the respective parties, should have directed defendant husband to pay the entire expense of the application to modify the judgment for alimony. (See Domestic Relations Law, § 237, subd. [b].) We find that the fair fee for the services rendered by the attorneys for the plaintiff is the sum of $1,750. Accordingly, the order appealed from should be modified to direct that defendant pay that sum to the wife instead of the amount of $1,500. Upon receipt of said sum of $1,750, the wife shall retain $1,350 and pay to her attorneys the sum of $400. (Appeals from order of Monroe Special Term, on motion to modify judgment of separation.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS JORDAN, Appellant.— Judgment unanimously affirmed. Memorandum: We do not agree with the finding of the court following the preliminary hearing that defendant was advised of his right to have counsel present at the lineup identification procedure or that he waived counsel at the lineup. We find beyond a reasonable doubt however that the testimony as to the lineup identification could not have contributed to the conviction and that the admission of such evidence constituted harmless constitutional error. (See *Chapman* v. *California,* 386 U. S. 18.) The identifying witness gave a detailed and accurate description of the defendant to the police prior to her identification of him at the lineup and she was in an excellent position to observe him at various times in the course of the commission of the alleged crime extending over a period of about two hours. (Appeal from judgment of Erie County Court convicting defendant of robbery, first degree.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.